**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM COLEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE H. SNOWDEN, et al.,<br><br>　　　　Defendants. | Civil Action No. 15-4270 (FLW)<br><br><br>MEMORANDUM OPINION |

　　In the instant civil action, Plaintiff alleges that his federal constitutional rights were violated when he was not brought before a magistrate judge within 72 hours of his arrest by members of the Monmouth County Prosecutor's Office on October 20, 2014. (ECF No. 1-2, Complaint appended to Notice of Removal.) Plaintiff initially filed this action in state court against the City Long Branch Police Department, George H. Snowden, and the Monmouth County Prosecutor's Office.[1] (*Id.* at 8.) After removing the action to federal court and filing its Answer, Defendant City of Long Branch Police Department (Hereafter "City of Long Branch Police Department" or "Defendant") filed the instant motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff has not submitted a response to the motion.[2] For the

---

[1] After removal, the Monmouth County Prosecutor's Office and George H. Snowden (the "Prosecutor Defendants") sought and received several extensions of time within which to file their answer or move for dismissal. The Prosecutor Defendants subsequently moved to dismiss the Complaint on October 13, 2015 (ECF No. 11), and Plaintiff has not submitted a response to that motion. The Court will address the Prosecutor Defendants' motion separately.

[2] The Court has conducted a search of the Monmouth County Correctional Institution ("MCCI") Inmate Search database, available at http://inmates.mcsonj.org/inmatesearch.php, and the database indicates that Plaintiff is currently housed at MCCI.

1

reasons explained in this Memorandum Opinion, Defendant's motion for judgment on the pleadings is granted.

The Court begins by noting that the photocopy of Plaintiff's state court Complaint in this removal action is barely legible, but the one paragraph Complaint appears to state in pertinent part as follows:

> On October 20, 2014, I was rearrested by Monmouth County Prosecutor's Officers on charges [illegible]. I was not brought to my first appearance (29 charges) after these complaints was [sic] filed after 72 hours for the 29 charges of indictable offense, which is a violation of the Constitution of the United States Right (Civil Rights) Due Process Rights[,] 14th Amendments, 5th Amendments, 6th Amendment Rights. On this date of October 28, 2014, I would like to see fairness and justice to be served in the court [illegible].[3]

(ECF No. 1-2, Complaint at 7.)

As noted above, Defendant removed the action from state court on June 24, 2015, and filed its Answer on the same day. (ECF Nos. 1-2.) Defendant subsequently moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c), arguing that it had no involvement in the alleged violation(s), *i.e.*, the failure to bring Plaintiff before a magistrate judge within 72 hours of his arrest. (ECF No. 10-1, Moving Br. at 1.) In order to establish its non-involvement, Defendant has attached the certification of City of Long Branch Police Director Jason Roebuck, along with a number of exhibits, and has invited the Court to convert the motion to a motion for summary judgment, if necessary. (*See id.*, certification of Jason Roebuck at 10-4 and accompanying exhibits.)

---

[3] Although Plaintiff mentions his arrest, the gravamen of his Complaint appears to be that he was not brought before a judge within seventy-two hours after arrest, as required by New Jersey Court Rule 3:4-2.

"A Rule 12(c) motion for judgment on the pleadings is treated like a motion to dismiss under Rule 12(b)(6)." *Millar v. Pitman Bd. of Educ.*, No. CIV. 10-4104 RBK/JS, 2011 WL 2417141, at *2 (D.N.J. June 13, 2011) (*citing Bor. of Sayreville v. Union Carbide Corp.*, 923 F. Supp. 671, 676 (D.N.J. 1996) (citing *Turbe v. V.I.*, 938 F.2d 427, 428 (3d Cir.1991)). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n. 5 (3d Cir. 2004).

Here, the Complaint itself is devoid of any facts showing that the City of Long Branch Police Department was involved in the purported constitutional violation(s) alleged in the Complaint.[4] Plaintiff states only that he was "rearrested by Monmouth County Prosecutor's Officers," and the Complaint contains no allegations that the City of Long Branch Police Department or any of its individual officers failed to bring him before a judge within 72 hours of his arrest. As such, the Court grants Defendant's motion for judgment on the pleadings.

---

[4] As such, the Court need not rely on the affidavit and exhibits attached to the instant motion.

Although this type of dismissal would ordinarily be without prejudice, the Court finds that granting leave to amend the Complaint would be futile with respect to this particular Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (District court may deny leave to amend under Rule 15(a) when amendment is futile.). It is well-settled that a police department is not a "person" amenable to suit under § 1983. *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 826 (D.N.J. 1993); *Ayala v. Randolph Township*, No. 12–7809, 2014 U.S. Dist. LEXIS 154213, at *18–19, 2014 WL 5503107 (D.N.J. Oct. 30, 2014). The Third Circuit has recognized that a municipal police department is "merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001)); *see also* N.J.S.A. 40A:14–118 (providing that New Jersey police departments are "an executive and enforcement function of municipal government."). Accordingly, Plaintiff's § 1983 claim against the City of Long Branch Police Department is dismissed with prejudice.[5] An appropriate Order follows.

---

[5] Even if Plaintiff had named the City of Long Branch as a defendant, the Complaint fails to provide any facts that could support a claim against the City of Long Branch pursuant to *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658); *see also McTernan v. City of York, PA,* 564 F.3d 636, 657 (3d Cir. 2009). Thus, for municipal liability to attach under *Monell*, any injury must be inflicted by "execution of a government's policy or custom." *Santiago v. Warminster Tp.*, 629 F.3d 121, 135 (3d Cir. 2010) (citing *Monell*, 436 U.S. at 694). To satisfy the pleading standard for a *Monell* claim, a claimant "must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan*, 564 F.3d at 658 (citations omitted). Here, Plaintiff has not identified any custom or policy of the City of Long Branch that led to the alleged violation(s) of his constitutional rights. To the extent that Plaintiff seeks to allege a *Monell* claim against the City of Long Branch, he must submit an Amended Complaint within 30 days of the date of the Order accompanying this Memorandum Opinion.

                         *s/Freda L. Wolfson*
                         Freda L. Wolfson,
                         United States District Judge

Date:  April 25, 2016