UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE H. SNOWDEN, et al.,<br><br>Defendants. | Civil Action No. 15-4270 (FLW)<br><br><br>MEMORANDUM AND ORDER<br><br>R E C E I V E D<br><br>APR 2 6 2016<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

This Matter having been opened to the Court by counsel for Defendants George H. Snowden and the Monmouth County Prosecutor's Office (hereafter "Prosecutor Defendants") on a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 11.) It appearing that:

1.  Plaintiff initially filed this action in state court against the City of Long Branch Police Department, George H. Snowden, and the Monmouth County Prosecutor's Office. (ECF No. 1-2, Complaint appended to Notice of Removal, at 8.) The City of Long Branch Police Department subsequently removed the action to federal court.[1] (*See id.*) Plaintiff's one-paragraph Complaint alleges that his federal constitutional rights were violated when he was not brought before a magistrate judge within 72 hours of his arrest by members of the Monmouth County Prosecutor's Office on October 20, 2014. (*Id.*)

---

[1] The Court recently granted Defendant City of Long Branch Police Department's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (*See* ECF Nos. 2, 10, 12-13.)

1

2. After removal, the Prosecutor Defendants sought and received several extensions of time within which to file their answer or move for dismissal, and filed the instant motion to dismiss on October 13, 2015. (ECF Nos. 6-9, 11.)

3. Plaintiff has not submitted <u>any response</u> to the Prosecutor Defendants' motion to dismiss or otherwise communicated with the Court since this removal action was docketed.[2] The Court has conducted a search of the Monmouth County Correctional Institution ("MCCI") Inmate Search database, available at http://inmates.mcsonj.org/inmatesearch.php, and the database indicates that Plaintiff is currently housed at MCCI. It is not clear to the Court whether Plaintiff intends to proceed with this action. As such, within 10 days of his receipt of this Order, Plaintiff must notify the Court as to whether he intends to proceed with the instant action. Furthermore, to the extent Plaintiff wishes to proceed with this action, he must submit his response to Defendants' motion within 10 days of his receipt of this Order.

4. In this regard, it also appears to the Court that the Prosecutor Defendants have submitted documents outside the pleadings in support of their motion to dismiss. When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based on those documents, and matters of public record. *In re Bayside Prison Litig.*, 190 F. Supp.2d 755, 760 (D.N.J. 2002). "A court deciding a motion to dismiss has the discretion to accept materials beyond the pleadings and then convert the motion into one for summary judgment." *See Telfair v. Tandy*, No. 08–731, 2009 WL 2132433, at *3 (D.N.J. July 13, 2009) (citing *Gunson v. James*, 364 F.Supp.2d 455, 460–61

---

[2] Plaintiff also failed to respond to the motion for judgment on the pleadings filed by the City of Long Branch Police Department. (ECF No. 10.)

2

(D.N.J. 2005)). The Court must first provide the parties with notice before converting the motion so that they are "given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Phat Van Le v. U. of Med. & Dentistry of N.J.*, 379 F App'x. 171, 173 (3d Cir. 2010). Pursuant to *Renchenski v. Williams*, 622 F.3d 315, 340-41 (3d Cir. 2010), "before converting a motion to dismiss a *pro se* prisoner's complaint into one for summary judgment, [the district court] must provide the prisoner 'with a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) [now Rule 56(d)] affidavit.'" *Breeland v. Baker*, 439 F. App'x 93, 95 (3d Cir. 2011) (citing *Renchenski*, 622 F.3d at 340).

5. The Court hereby notifies the parties that it intends to convert Defendants' motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). Pursuant to the Third Circuit's instruction in *Renchenski*, 622 F.3d at 340, the Court has attached to this Memorandum Order a copy of Fed. R. Civ. P. 56 as Exhibit A, and notes the following regarding the summary judgment standard.

6. One type of pre-trial motion is a motion for summary judgment under Fed. R. Civ. P. 56. The motion may be made by any party and must identify each claim or defense – or part of the claim or defense – on which summary judgment is sought. *See* Fed. R. Civ. P. 56(a). In this case, the Prosecutor Defendants seek dismissal of all claims against them. The court will grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* Under Rule 56(c), affidavits supporting or opposing summary judgment may be supplemented or opposed by depositions, answers to interrogatories or further affidavits. The affidavits may also be supplemented by admissions on file and other appropriate evidentiary material. Rule 56(c) also

3

provides that a party opposing a summary judgment motion may not rely on the mere allegations or denials in his or her pleading, such as a complaint. Instead, Rule 56(c) requires a party opposing a motion for summary judgment to file evidentiary material (affidavits or other evidence), as described in Rule 56, setting forth specific facts showing there is a genuine issue of material fact that precludes the entry of summary judgment.

7. If a party opposing summary judgment "believes that s/he needs additional time for discovery, Rule 56(d) [formerly Rule 56(f)] specifies the procedure to be followed." *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (citation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The rule requires "a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling*, 855 F.2d at 139–40. Except in rare cases, "failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery on appeal." *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002).

**THEREFORE, IT IS** on this 26th day of April, 2016

**ORDERED** that Plaintiff shall notify the Court in writing within 10 days of his receipt of this Memorandum and Order as to whether he intends to proceed with this action; if Plaintiff

advises the Court that he no longer intends to proceed with this action, no other response is required; and it is further

**ORDERED** that the Court intends to convert Defendants' motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 56; and it is further

**ORDERED** that to the extent Plaintiff intends to proceed with this action, he shall also submit his response to Defendants' motion, including a supporting brief, and any supporting affidavits or other evidence, within 10 days of his receipt of this Memorandum and Order;[3] and it is further

**ORDERED** that Defendants may file a reply in support of the motion within 7 days after receiving Plaintiff's response; and it is finally

**ORDERED** that that the Clerk shall serve this Memorandum and Order and a copy of Fed. R. Civ. P. 56, attached as Exhibit A, upon the Plaintiff by regular mail.

_____
Freda L. Wolfson
United States District Judge

---

[3] To the extent Plaintiff fails to reply to the Court's Order, the Court will consider the Prosecutor Defendants' motion to be unopposed.

5