**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM COLEMAN, | |
| Plaintiff, | Civil Action No. 15-4270(FLW) |
| v. | |
| GEORGE H. SNOWDEN, et al., | OPINION |
| Defendants. | |

# I. INTRODUCTION

Before the Court is the motion of Defendants Monmouth County Prosecutor's Office and Detective George Snowden (the "Prosecutor Defendants") for summary judgment, pursuant to Fed. R. Civ. P. 56, on the Complaint of *pro se* Plaintiff William Coleman ("Plaintiff").[1] (ECF No. 11). Plaintiff's Complaint raises a claim under 42 U.S.C. § 1983 against the City of Long Branch Police Department (the "Police Department"), Detective George H. Snowden, and the Monmouth County Prosecutor's Office, alleging violations of his constitutional rights under the Fourteenth, Fifth, and Sixth Amendments when he was not brought for a first appearance before a judge within 72 hours of the filing of narcotics charges against him by the Monmouth County Prosecutor's Office on

---

[1] On April 26, 2016, the Court converted the Prosecutor Defendants' motion to dismiss, pursuant to Rule 12(b)(1) and 12(b)(6), into a motion for summary judgment pursuant to Fed. R. Civ. P. 56, because Defendants had submitted documents outside of the pleadings in support of their motion. (ECF No. 14.)

October 20, 2014.[2] (ECF No. 1-2, Complaint appended to Notice of Removal). For the reasons explained below, Defendants' motion is granted. The Court finds that no claim has been raised against the City of Long Branch, and no further leave to amend to bring claims against the City of Long Branch shall be granted. The Prosecutor Defendants' motion for summary judgment is granted because the Prosecutor's Office is not a "person" subject to suit under § 1983, and Detective Snowden is entitled to qualified immunity.

## II. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of Plaintiff's arrest pursuant to a valid warrant and subsequent detention in October 2014. On October 20, 2014, while Plaintiff was incarcerated, in lieu of bail, at the Monmouth County Correctional Institution ("MCCI"), "as a result of an arrest for narcotics violations by the Long Branch Police Department," Detective Snowden of the Monmouth County Prosecutor's Office served Plaintiff with complaint-warrants in relation to narcotics charges brought against Plaintiff (hereinafter the "October 20 Charges"). (EFC No. 11-2, Ex. B). It is unclear whether Plaintiff's arrest by the Long Branch Police Department was related to the October 20 Charges.

Plaintiff initially filed this action in December 2014, in the Superior Court of New Jersey, against the City of Long Branch Police Department, George H. Snowden, and the Monmouth County Prosecutor's Office. (EFC No. 1-2, Complaint appended to Notice of Removal). In his Complaint, Plaintiff alleges violations of his due process rights, and seeks compensatory and punitive damages. (*See id.*) The sum total of Plaintiff's allegations are:

> On October 20, 2014 I was rearrested by Monmouth County Prosecutor's Officers on charges 2C:35 [illegible], 2C:35-5B(3), 2C:35-5B(3). I was not brought to my first

---

[2] The Court has granted Defendant City of Long Branch Police Department's motion to dismiss on the pleadings pursuant to Fed. R. Civ. P. 12(c) in its April 25, 2016 Order, but allowed Plaintiff to amend his complaint against the City of Long Branch, the person subject to suit under § 1983.

2

appearance after (29 Charges) these complaints was filed after 72 hours for the 29 charges of indictable offense; which is violation of my Constitution of the United States Right (Civil Rights) Due Process Right. 14th Amendments, 5th Amendments, 6th Amendment Rights' on this date of October 28, 2014 I would like to seek fairness and justice to be served in the court of law, to be understood.

1. City of Long Branch Police Department
   344 Broadway, Long Branch, New Jersey 07746

2. George H. Snowden
   Monmouth County Courthouse
   71 Monument Park
   Freehold, New Jersey 07725

3. Monmouth County Prosecutor's Office
   132 Jerseyville Avenue
   Freehold, New Jersey 07728

(ECF No. 1-2).[3] The Complaint then seeks $1,000,000.00 in punitive damages and $1,000,000.00 in compensatory damages. *Ibid.*

On June 24, 2015, the Long Branch Police Department removed the case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1443. (ECF No. 1). After removal, the Police Department filed a motion to dismiss Plaintiff's Complaint against it, pursuant to Fed. R. Civ. P. 12(c). (ECF No. 10). Plaintiff did not respond to the motion. When analyzing the Police Department's motion, the Court noted the gravamen of Plaintiff's Complaint to be that he was not brought before a judge within 72 hours after "arrest," as required by N.J.C.R. 3:4-2, and thus the Court construed his complaint as a § 1983 claim. (EFC No. 12). On April 25, 2016, the Court granted the Police Department's motion to dismiss with prejudice because a Police Department is not a "person" subject to suit for the purposes of § 1983. (See ECF Nos. 12-13). The Court, however, provided

[3] The Complaint is handwritten and not clearly legible in parts. The Court's reading of the Complaint, upon closer scrutiny, therefore diverges somewhat in immaterial aspects from its initial reading in *Coleman v. Snowden*, No. CV 15-4270 (FLW), 2016 WL 1628880, at *1 (D.N.J. Apr. 25, 2016).

Plaintiff with 30 days in which to submit an Amended Complaint stating a claim for relief against the City of Long Branch, rather than the improperly named Police Department. (*See id.*)

On October 13, 2015, the Prosecutor Defendants also moved to dismiss. (ECF No. 11). On April 26, 2016, because Plaintiff had failed to respond to the Prosecutor Defendants' motion, the Court issued an Order directing Plaintiff to notify the Court whether he intended to proceed with his case and to file a response to the Prosecutor Defendants' motion if he intended to proceed. (*See* ECF No. 14). In the same Order, the Court converted the Prosecutor Defendants' motion to dismiss into a motion for summary judgment, pursuant to Fed. R. Civ. P. 56. (*See id.*)

By letter dated May 2, 2016, Plaintiff notified the Court that he wished to proceed with this action, but failed to add the City of Long Branch as a Defendant or otherwise to amend his Complaint. (*See* EFC No. 15). Based on the May 2 Letter, the Court granted Plaintiff a 30-day extension of time to file his response to the Prosecutor Defendants' converted motion for summary judgment, and also provided Plaintiff with an additional 30 days to submit an amended complaint. (*See* ECF No. 16). On July 12, 2016, the Court received a letter from Plaintiff dated June 5, 2016, entitled "Certification in Support of Motion in Opposition to Defendant's/Court's Pretrial Memorandum and Order and Amended Complaint." (*See* ECF No. 18-1). In that letter, Plaintiff restated that his federal constitutional rights were violated when he was not brought before a magistrate judge within 72 hours after his "arrest" by "members of the Monmouth County Prosecutor's Office on October 20, 2014."[4] (EFC No. 18-1). Plaintiff also expressed his opposition

---

[4] Plaintiff did not clarify which member from the Monmouth County Prosecutor's Office "arrested" him on October 20, 2014. Relying on exhibits submitted by the Prosecutor Defendants, warrants, and a supplemental report, dated October 21, 2014, it appears to the Court that Plaintiff was originally arrested by the City of Long Branch Police Department and was detained in the MCCI on an unknown date prior to October 20, 2014, and that Defendant Snowden, along with another officer from the Prosecutor's Office, went to the MCCI to serve Plaintiff with the warrants and to notify him of the narcotics charges against him.

4

to the Prosecutor Defendants' motion for summary judgment in this letter, but failed to state any material facts in dispute. (*See* EFC No. 18).

III. **STANDARD OF REVIEW**

As noted above, the Court has converted the Prosecutor Defendants' motion to dismiss into a motion for summary judgment. Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. *Celotex*, 477 U.S. at 330. "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg. Inc.*, 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). Under *Anderson*, Plaintiffs' proffered evidence must be sufficient to meet the substantive evidentiary standard the jury would have to

use at trial. 477 U.S. at 255. To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answer to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotation omitted); *see also Ridgewood Bd. Of ed. V. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

## IV. <u>ANALYSIS</u>

### A. The City of Long Branch

The Court dismissed Plaintiff's claims against the City of Long Branch Police Department on April 25, 2016, on the basis that a police department is not a person for the purposes of 42 U.S.C. § 1983.[5] (See ECF Nos. 12-13). However, in the same Order, the Court allowed Plaintiff to submit an amended complaint against the City of Long Branch. Following that Order, the Court received a letter from Plaintiff, on May 11, 2016, which expressed Plaintiff's intention to proceed with this action but failed to state a claim against the City of Long Branch. The Court granted Plaintiff an additional thirty days in which to file an amended complaint. On July 12, 2016, the Court received a second letter from Plaintiff, in which Mr. Coleman restated that his federal constitutional rights were violated by the Monmouth County Prosecutor's Office and its employees but, once again, failed to state any claim against the City of Long Branch. Up to the date of this Opinion, no Amended Complaint against the City of Long Branch has been filed. Therefore, the

---

[5] On July 20, 2016, the Court received a letter from the attorney for the Police Department requesting that the Court dismiss the Complaint against the Long Branch Police Department. Because Plaintiff's Complaint against the Police Department was dismissed, with prejudice, by this Court on April 25, 2016, the Court need not again address the matter here. It suffices to observe that the Police Department has been terminated as a party to this action.

Court now finds that no claims have been raised against the City of Long Branch, and clarifies that the City is not a party to this action. To the extent Plaintiff intended the City to be a Defendant, given the numerous opportunities to amend that this Court has afforded Plaintiff, no further leave to amend shall be granted.

**B. The Monmouth County Prosecutor's Office**

A county prosecutor's office is not a person amenable to suit under § 1983, because it is a state agency, not a local governmental body. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854–55 (3d Cir. 2014) (holding that New Jersey county prosecutor's offices are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative—as opposed to administrative—roles); *see also Gordon v. Berkeley Twp. Police*, No. 10–5061, 2011 WL 2580473, at *4 (D.N.J. June 27, 2011) (holding that a "Prosecutor's Office" is not a "person" within the meaning of a § 1983 suit). As such, the Court now grants the Monmouth Prosecutor's Office's motion for summary judgment.

**C. Detective George Snowden**

The Court liberally construes Plaintiff's Complaint to assert a § 1983 claim against Defendant Snowden in his personal capacity.[6] Defendant Snowden moves for summary judgment on the grounds of qualified immunity.[7] In assessing whether a defendant is entitled to qualified

---

[6] Plaintiff's complaint would be dismissed if the Court construed his § 1983 claim against Defendant Snowden in his official capacity. It is well settled that county prosecutor's office detectives, when performing law enforcement functions, are agents of State and are entitled to sovereign immunity for all claims brought against them in their official capacities under both Section 1983 and the NJCRA. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014); *Beightler v. Office of Essex County Prosecutor*, 342 F. Appx. 829, 832 (3d Cir. 2009); *Woodyard v. Cty. of Essex*, 514 F. Appx. 177, 182 (3d Cir. 2013). Thus, had Plaintiff raised such a claim against Det. Snowden, it would be subject to dismissal.

[7] In the April 26, 2016 Order, the Court converted Defendant Snowden's motion to dismiss into a motion for summary judgment because Defendant had presented evidence outside of the Complaint in support of his motion to dismiss.

7

immunity, courts undertake a two-step inquiry: (i) whether the facts alleged, when viewed in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right; and (ii) whether the right that was allegedly violated was clearly established, *i.e.*, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

"'The first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right said to have been violated' and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Nicini v. Morra,* 212 F.3d 798, 806 (3d Cir. 2000)). "Next, a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'" *Id.* (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Id.* "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Id.* (citing *Baker v. Monroe Twp.,* 50 F.3d 1186, 1194 (3d Cir. 1995)). "A plaintiff 'must portray specific conduct by state officials which violates some constitutional right.'" *Id.* (quoting *Gittlemacker v. Prasse,* 428 F.2d 1, 3 (3d Cir. 1970)).

Here, Plaintiff alleges that his constitutional rights have been violated because he "was not brought to [his] first appearance . . . after 72 hours." (ECF No. 1-2). The Complaint does not allege that Detective Snowden participated in, had knowledge of, or acquiesced in Plaintiff's holding without initial appearance within 72 hours, nor does it allege that Detective Snowden was the

person responsible for producing Plaintiff for his initial appearance within the required period.[8] The record on summary judgment similarly provides no evidence of the participation, knowledge, or acquiescence of Detective Snowden in Plaintiff's detention without initial appearance for some amount of time exceeding 72 hours. The only conduct of Detective Snowden attested to in the record is that Snowden served Plaintiff with complaint-warrants in relation to narcotics charges brought against Plaintiff, on October 20, 2014, while Plaintiff was incarcerated at the Monmouth County Correctional Institution ("MCCI"), "as a result of an arrest for narcotics violations by the Long Branch Police Department." (EFC No. 11-2, Ex. B). Plaintiff does not challenge the manner in which the complaint-warrants were served, but rather, challenges only his subsequent detention without initial hearing within 72 hours. There are neither allegations nor evidence to support Detective Snowden's personal involvement in the latter, and so Plaintiff has failed to allege a violation of a constitutional right arising from Defendant Snowden's conduct. Plaintiff's personal capacity, § 1983 claim against Defendant Snowden thus fails at the first step of the Court's qualified immunity analysis, and the Court finds that Defendant Snowden is entitled to qualified immunity in this case. *Chavarriaga*, 806 F.3d at 222 ("The District Court correctly granted [defendants] summary judgment on [plaintiff's] § 1983 complaint because [plaintiff's] allegations

---

[8] The state procedural protection upon which Plaintiff bases his § 1983 claim, N.J.C.R. 3:4-2(a), which, at the time of Plaintiff's arrest, provided for any criminal defendant to be brought for a first appearance before a magistrate within 72 hours of the defendant's commitment to jail, does not itself specify which state official bears the responsibility for producing the defendant at the initial appearance. The remainder of Rule 3:4-2, however, clearly imposes obligations upon the presiding judge and the prosecutor only, with no mention of a detective in the position of Defendant Snowden. *See* 3:4-2(c) (imposing obligations on the presiding judge at the initial hearing); (c)(1)(A)-(B) (referencing the prosecutor's obligation to provide the state's position on pretrial detention). In the absence of any allegations by, or factual support from, Plaintiff demonstrating that Defendant Snowden bore responsibility for complying with the 72-hour mandate, the Court cannot find such a responsibility on Snowden's part from the text of the Rule alone.

9

did not describe their conduct in sufficient detail to support [plaintiff's] conclusory allegations that they had either actual contemporaneous knowledge of or any personal involvement in any violation of her constitutional rights." (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). *See also Roberson v. Cty. of Essex*, No. 02-5532 (WHW), 2006 WL 2844425, at *10 (D.N.J. Oct. 2, 2006) (granting summary judgment to Sheriff, Director of Division of Correctional Services, and jail Warden, on Plaintiff's individual capacity § 1983 claims for failure to provide plaintiff with an initial appearance within 72 hours because "plaintiff has presented no evidence that any individually-named defendant in this case was personally involved with or had knowledge of plaintiff's detention.").[9]

## V. CONCLUSION

For the reasons stated above, the Court's previous ruling that Plaintiff's § 1983 claim against the City of Long Branch Police Department is dismissed with prejudice because it is not a "person" amenable to suit under § 1983 is affirmed. The Court observes that the City of Long Branch is not a party to this action, as no claims have been raised against it, and Plaintiff will be given no further leave to amend to bring such claims. The Prosecutor Defendants' converted motion for summary judgment is granted because the Monmouth County Prosecutor's Office is not a "person" amenable to suit under § 1983, and Detective Snowden is entitled to qualified immunity. An appropriate Order to follow.

Dated: 8/31/2017                    /s/ Freda L. Wolfson
                                    The Honorable Freda L. Wolfson
                                    United States District Judge

---

[9] Even liberally construed, Plaintiff's Complaint cannot be read to bring supervisory liability claims against Defendant Snowden individually, so the Court need only address Plaintiff's claims as based directly on Snowden's own conduct.

10